UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN HINES,<br><br>                     Plaintiff,<br><br>v.<br><br>GOV. GAVIN NEWSOM, et al., and DOES 1 through 6,<br><br>                    Defendants. | Case No.: 23-CV-308 JLS (JLB)<br><br>**ORDER ORDERING PLAINTIFF TO PAY FILING FEE OR MOVE TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 1) |

      Presently before the Court is Plaintiff James Lynn Hines's Complaint ("Compl.," ECF No. 1). Plaintiff, who is proceeding *pro se*, has neither paid the filing fee pursuant to 28 U.S.C. § 1914(a) nor applied to proceed *in forma pauperis* ("IFP").

      All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

§ 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

Here, Plaintiff's Complaint merely states that he is "out monies and/or finances, to pay the filing fees of the costs for this vital and pertinent case."  Compl. at 3.  The Complaint does not provide the Court with any information regarding Plaintiff's income, assets, or expenses.  *See generally* Compl.  Therefore, the Court cannot determine whether paying the filing fee will result in Plaintiff's inability to afford the "necessities of life."  *Escobeda*, 787 F.3d at 1234.

Consequently, **the Court ORDERS Plaintiff to either pay the filing fee or move to proceed IFP within 30 days of the issuance of this Order.**  The materials needed to proceed IFP can be found at https://www.casd.uscourts.gov/forms.aspx?list=all, under the heading "Pro Se Complaint."  **Failure to either pay the filing fee or to move for IFP status within the 30-day deadline will result in the dismissal of Plaintiff's Complaint.**

IT IS SO ORDERED.

Dated:  March 7, 2023

Hon. Janis L. Sammartino
United States District Judge